# DECISIONS

OF THE

# Kentucky Court of Appeals.

## SEPTEMBER TERM, 1899.

CASE 1—INDICTMENT FOR MISDEMEANOR—SEPTEMBER 22.

## Commonwealth v. Farmers & Shippers Leaf Tobacco Warehouse Company, The.

APPEAL FROM BRACKEN CIRCUIT COURT.

TAXATION—INDICTMENT FOR FAILURE TO LIST.—The duty imposed by section 4039 of the Kentucky Statutes of filing descriptive list of property for taxation is a personal one which must be performed, in case of a corporation, by an officer of the company who is presumed to know its property; and it is no defense to an indictment against such a company for failure to comply with the section that such a list had been furnished by a local agent.

W. S. TAYLOR, ATTORNEY GENERAL; ED. DAUM, COMMONWEALTH'S ATTORNEY 19th JUDICIAL DISTRICT; AND M. H. THATCHER FOR APPELLANTS.

1. The property of non-residents of the county in which the property lies can not be listed by an agent of the owner.
2. If it can be listed by such agent, it can not be so listed in the name of the owner without disclosing the agency showing by whom listed and verified under oath by the agent.
Citations: Kentucky Statutes, sections 4039, 4058; Walker's American Law, 246; Civil Code, section 550, sub-section 5; Nichols v. Davis, 1 Bibb., 492.

J. R. MINOR FOR THE APPELLEE.

The listing of property by J. R. Minor, agent for the appellee was a substantial compliance with the statute and the court properly so instructed the jury. Com. v. Ellis, 10 Ky. Law Rep., 342.

Commonwealth v. Farmers & Shippers Leaf Tobacco Warehouse Co.

W. S. PRYOR, J. R. MINOR AND EDWARD W. HINES FOR THE APPELLEE, IN A PETITION FOR A REHEARING.

1. An indictment under section 4039 of the Kentucky Statutes must aver that defendant owns certain property in the county of the kind named in the statute, and must give at least a general description of the property. Com. v. Hollidy, 98 Ky., 616.

2. An indictment against a corporation not created by special act of the General Assembly must aver the defendant's corporate existence. Com. v. C., N. O. & T. P. Ry. Co., 6 Ky. Law Rep., 306.

3. Section 4039 of the Kentucky Statutes is unconstitutional in that it discriminates against the non-resident owner by imposing a larger fine upon him for failing to list his property than it imposes on the resident owner for the same offense. Kentucky Statutes, sections 4061, 4063; Fecheimer Bros. & Co., v. City of Louisville, 84 Ky.; 306; Lassen County v. Cone (Cal.), 14 Pac. Rep., 100.

4. When the non-resident owner lists his property by an agent and pays the taxes thereon, there is a substantial compliance with the statute. Revised Statutes, ch. 83, art. 11, secs. 1, 2; Gen. St., (ed. 1873), ch. 92, art. 16, sec. 2; Idem, ch. 92, art. 1, sec. 11; Ky. Stats., secs. 4047, 4048, 4063, 4065; Civil Code, secs. 58, 117, 550; Com. v. Ellis, 10 Ky. Law Rep., 342. If the statute be given any other construction it is of doubtful constitutionality. In re Schechter, 63 Fed. Rep., 695.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee, a non-resident corporation, was indicted by the grand jury of Bracken county for failing to file a descriptive list of lands owned by it located in Bracken county with the clerk of the county court, as required by section 4039, Kentucky Statutes. Upon the trial it was developed that the local agent of appellee had, by its direction, listed the property owned by it with the assessor of the county previous to the 15th day of August, 1898, and that the taxes assessed against these lands had been duly paid.

Upon the trial of defendant, the court, in substance, instructed the jury that the listing of the property with the assessor by its local agent was a sufficient compliance with the provisions of the stat-

ute, and exonerated the defendant from the penalty pre-
scribed for failure to file a descriptive list of the lands with
the clerk of the county court, as prescribed by section 4039,
of the Kentucky Statutes. The trial resulted in a verdict
and judgment of acquittal, from which judgment this ap-
peal is prosecuted.

The main question which we are called upon to deter-
mine is this: Did the listing of the real estate owned by ap-
pellee in Bracken county, by its local attorney and agent,
with the assessor, dispense with the duty imposed upon it
by the statute to file a descriptive list of such property
with the clerk, in accordance with the provisions of the
statute, *supra*, and is it exonerated thereby from the pen-
alty denounced for such failure?

It was decided by this court in the manuscript opinion de-
livered in the case of Commonwealth v. Ellis, reported on
page 342 of the 10 Ky. L. R., [9 S. W., 221], that where the
non-resident owner of real estate situated in Livingston
county went in person to the assessor, and listed the lands
owned by him in that county within the proper time, he was
exempted thereby from the penalty for failing to file a
descriptive list thereof with the clerk in the time required
by law; but it has never been held that a non-resident own-
er could escape the duty imposed by statute by directing
an agent to list the property with the county assessor.
Whilst it is a maxim of the common law that whatever a
person may do of his own right with relation to property
he may do by another, yet there are certain exceptions to
this general rule, and there are acts of so peculiarly per-
sonal a nature that their performance can not be delegated.
To this class of cases belong making of wills, contracting
of marriage, and especially the discharge of a duty which
is created by statute, and which, by the express terms or

necessary effect of the act, are required to be performed by the person only who is named therein. See United States v. Bartlett, 2 Ware (Dav. 9) 17, [Fed. Cas. No. 14,- 532]; 1 Am. & Eng. Enc. Law (2d Ed.), p. 971; and Mechem on Agency p. 40.

There can be no doubt of the power of the Legislature to impose upon the owner of property the personal duty of reporting it for the purpose of taxation in any form or manner it may deem best, and it is evident that the object of this statute was to compel the non-resident owners of property to furnish such information under oath as would enable the local assessors to readily ascertain its extent and location, and this information was deemed so important that the statute requires that it shall be furnished under oath, and subjects such owners to a severe penalty for failure to comply therewith. Whilst it is possible that a local agent may have more accurate information of the property owned by his non-resident employer than the employer himself, yet it might happen that he did not have such information; and the statute has imposed upon the owner the duty of furnishing this information in person either to the clerk in the manner provided by the statute or to the assessor of the county in the manner imposed upon residents, and to make oath as to the accuracy of such information. No distinction is drawn between corporations and individuals. In cases of corporations the information must be furnished by an officer of the company, who is presumed to know its property, and this duty can not be delegated to a mere local agent of limited authority, who may not have full information as to the extent of the real property owned by the company. It therefore follows that the court erred in the second instruction given to the jury, and the judgment is reversed and the cause remanded for proceedings consistent herewith.